KILLOPS, Appellant, vs. STEPHENS and others, Respondents.

*February 26 — March 12, 1889.*

*Appeal: Bill of exceptions: Amendments.*

The amendments allowed by the trial court to a proposed bill of exceptions must be incorporated in the bill as finally settled and signed.

APPEAL from the Circuit Court for *Waukesha* County. The case is sufficiently stated in the opinion.

*D. W. Small*, for the appellant.

For the respondents there was a brief by *Sumner & Tullar*, and oral argument by *D. S. Tullar*.

ORTON, J.    This action is for the foreclosure of a mortgage given by the defendant *Stephens* and wife, June 1, 1870, to Alexander Cook, to secure the payment of $2,600, in five years, at ten per cent. interest, and assigned to the plaintiff.    The main defense was payment, and overpayment for which the defendant counterclaims.    The case was originally heard by a referee, who reported that the mortgage had been fully paid, and the circuit court confirmed the report and rendered judgment for the defendant.    On appeal this court fully considered the case, and reversed the judgment and granted a new trial on account of certain radical errors of the referee, and his failure to state an account between the parties of the payments made upon the mortgage in suit and the two other mortgages the plaintiff held against the defendant *Stephens*.    It was stated in the opinion of Mr. Justice LYON that "many amendments were allowed by the court to the proposed bill of exceptions. These are not incorporated in the bill as settled and signed. When settled, it should have been re-engrossed, and the amendments incorporated in it.    The omission to do so has cost us much labor and perplexity.    Should the case come here again on the merits, the bill, as finally settled by the court, must be fairly written out for the signature of the judge.    This is the correct and only authorized practice." 66 Wis. 571.    The case has again come here on the merits, on another appeal by the plaintiff from the judgment of the circuit court, and, strange to say, about sixty material amendments to the proposed bill of exceptions allowed by the learned circuit judge were not engrossed with the bill upon final settlement and before it was signed, and are not found in the printed case.

Such a bold and persistent repetition by the appellant's counsel of an imposition upon the circuit court and upon this court of a false bill of exceptions, after such a firm yet kindly caution, deserves the severest censure. The original bill of exceptions must have been grossly defective, or so many material amendments to it would not have been allowed. The learned circuit judge must have been imposed upon and deceived, either by a tacit fraud or by false representations, and must have supposed that the bill presented for his signature contained the amendments which had been allowed. It was a fraud upon him, but we can scarcely think that it was an attempted fraud upon this court, for its exposure and correction could be too easily made. It is a very dangerous precedent for this court to go behind the bill of exceptions to ascertain the evidence or the rulings of the trial court. We can only look to the record. The place to correct the bill of exceptions is in the trial court. This court is asked by the learned counsel of the respondent to dismiss the plaintiff's appeal and affirm the judgment on account of this flagrant violation of the statute in respect to the settlement of the bill of exceptions; but as the case was so fully considered on the former appeal, and has again been considered on the report of another referee, and it is desirable that it should be disposed of on its merits, we prefer not to punish the plaintiff for the improper conduct of his counsel by a dismissal of his appeal.

The case was fully tried and carefully considered by a very competent referee, and an account stated of the payments made upon the mortgages. The circuit court confirmed the report of the referee, but with the correction of what was clearly a mistake or omission in not deducting one payment of $90 made by *Stephens*, January 24, 1872, on the Lampman mortgage, and indorsed thereon, and which was overlooked and not allowed in the computation made by Alexander Cook at the time of the settlement,

April 1, 1876. With this exception, it appears from the evidence that the report of the referee was correct. Any special reference to the testimony, or even an analysis of it, in this opinion, would not be of any use commensurate with the space it would occupy.

*By the Court.*— The judgment of the circuit court is affirmed.